1839.

THE BUSHWICK
AND NEWTOWN
BRIDGE AND
TURNPIKE ROAD
COMPANY.
*v.*
EBBETS.

</div>

---

## The Bushwick and Newtown Bridge and Turnpike Road Company *v.* Ebbets and others.

This court cannot look into alleged abuses in relation to getting an act through the legislature ; nor, therefore, set aside an award of compensation authorized by a section of such act to a person, merely because he is charged with having so acted or with being benefited by some provision in it. The court could only act on the award upon the principles which govern it in relation to arbitrators.

On bill and demurrer.

It appeared by the bill that the complainants were incorporated by an act of the legislature of the state of New-York, on the twenty-sixth of April in the year one thousand eight hundred and thirty-six. The fourth section of the act was as follows : " The persons appointed by the governor as commissioners for laying out the said road shall assess and award, to John Waters and Sarah Ebbets, the proprietors of the old bridge, the value and damages that they may sustain by reason of the construction of the road and bridge contemplated by this act, to be paid by the corporation hereby created on the completion of the road and bridge aforesaid." The bill charged that one John N. Woodward was employed by the company to urge the passage of the act ; and, from information, the complainants believed that the said John N. Woodward was the brother of the defendant Sarah Ebbets and was then, as he had stated, interested in the said old bridge and in the sum of money to be awarded for the same ; and that the said fourth section was not in any way contemplated in the application to the legislature. Also, that the complainants believed, from information, that the said John N. Woodward suggested, approved and procured the said fourth section to be inserted in

<div style="text-align:right">

*October* 23,
1839.

*Jurisdic-
tion.*
*Award.*

</div>

1839.

THE BUSHWICK
AND NEWTOWN
BRIDGE AND
TURNPIKE ROAD
COMPANY.
*v.*
EBBETS.

the act, contrary to his duty to the parties who employed him as their agent and for his own and his said sister's benefit and advantage. Also, that the said John Waters had pretended to purchase at auction the materials of the said old bridge. It appeared that the commissioners appointed under the act laid out the route of the road; and afterwards met to assess and award to the said John Waters and Sarah Ebbets the value and damages directed in and by the said fourth section, when there was conflicting evidence; but the whole resulted in an award, by the commissioners, of three thousand two hundred and eighty-five dollars and seventy-two cents to the said John Waters and Sarah Ebbets, as joint proprietors of the said old bridge. The bill suggested that the commissioners had received additional affidavits from the said John N. Woodward, after their last meeting on the matter; and that the said commissioners improperly assumed to give a decision and legal construction to the fourth section, as well in relation to the title and ownership of the said John Waters and Sarah Ebbets, as to what the legislature intended by the words value and damages. Also that, under the facts and circumstances, the amount of the assessment and award was so extravagant and unreasonable that the complainants believed an improper prejudice influenced the commissioners or the majority of them; and that the said John N. Woodward had some claim, pretence of right or interest in the amount so assessed and awarded by the commissioners or in some part of it. *Prayer:* that the assessment and award might be delivered up to be cancelled or declared void and all proceedings thereon be perpetually stayed or for other or further relief.

General demurrer.

Mr. *Raymond*, in support of the demurrer.

Mr. *Clarkson*, for the complainants.

THE VICE-CHANCELLOR :—The court has no right to take cognizance of this case by way of appeal or review of the award of the commissioners.

It has no authority to correct any abuse which may have been practiced upon the legislature or the complainants in pro-

curing the fourth section of their act of incorporation or the recognition, thereby, of Waters and Ebbets as proprietors of the old bridge or in the appointment of appraisers under that section. The complainants voluntarily accepted the charter, with that provision in it; and are bound by all it contains. Nor can this court say that the appraisers have exceeded their authority in allowing for the loss of tolls under the power conferred upon them to assess and award the value and damages the defendants might sustain by reason of the construction of the new road and bridge. Nor can this court undertake to try the question, whether the defendants were legally entitled to take tolls for the old bridge or not. The only jurisdiction which this court has of the case is the same it has over arbitrators and their awards; and, as arbitrators, I do not perceive that the appraisers have acted in such a way as to justify any interference. The case is not brought within any of the rules laid down in *Underhill* v. *Van Cortlandt*, 17 J. R. 409, and which rules have been incorporated into the R. S. (2 vol. 542.

The demurrer must be allowed; and the bill be dismissed, with costs.